**Paul CUMMINGS, Appellant/Employee,**

v.

**TREASURER OF the STATE OF MISSOURI, as Custodian of the Second
Injury Fund, Respondent/Additional
Party.**

No. ED 80815.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 29, 2002.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 14, 2003.

Application for Transfer Denied
March 4, 2003.

Harold G. Johnson, Mitchell D. Johnson, Johnson & Johnson, St. Ann, MO, for appellant.

Leslie A. Phillips, Assistant Attorney General, St. Louis, MO, for respondent.

Before PAUL J. SIMON, P.J. and GARY M. GAERTNER, SR. and KATHIANNE KNAUP CRANE, JJ.

### ORDER

PER CURIAM.

Paul G. Cummings appeals the Labor & Industrial Relations Commission (Commission) award denying compensation from the Second Injury Fund. On appeal Cummings argues the Commission erred as a matter of law in finding that Cummings is not permanently totally disabled and therefore ineligible for benefits from the Second Injury Fund.

Administrative Law Judge (ALJ) Landolt determined that Cummings was not rendered permanently totally disabled following his work injury of August 16, 1993 primarily because Cummings continued to work for over seventeen months after the injury until February, 1995. In addition, the ALJ predicated her finding on the basis of the fact that Cummings continues to walk an average of between 6–8 miles every other day, has an excellent I.Q. as well as over 140 hours of college credits, and the testimony of one of Cummings' treating physicians as well as a vocational expert indicating Cummings could likely rejoin the workforce.

The Commission adopted and affirmed the ALJ's findings of fact and conclusions of law. In affirming, the Commission emphasized the importance of the fact that Cummings returned to work for over seventeenth months after the work injury in determining that Cummings was not thereafter permanently totally disabled and unemployable in the workforce.

Our review of the record on appeal indicates the Commission's determination is supported by substantial competent evidence, and is not against the overwhelming weight of the evidence. An extended opinion reciting detailed facts and restating principles of law would have no precedential value. We affirm the award pursuant to Rule 84.16(b).